IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Jan Steinhauer,

          Plaintiff,

v.

Plaza Recovery, Inc. d/b/a ACB Recovery,

Defendant.

Civil Action No.: 2:15-cv-12560

**DEMAND FOR JURY TRIAL**

## COMPLAINT & JURY DEMAND

For this Complaint, Plaintiff, Jan Steinhauer, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Jan Steinhauer ("Plaintiff"), is an adult individual residing in Manchester, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Plaza Recovery, Inc. d/b/a ACB Recovery ("ACB"), is a Texas business entity with an address of 5800 North Course Drive, Houston, Texas 77072, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. ACB at all times acted by and through one or more of the collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. Plaintiff allegedly incurred a financial obligation the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to ACB for collection, or ACB was employed by the Creditor to collect the Debt.

9. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. ACB Engages in Harassment and Abusive Tactics

10. Within the last year, ACB contacted Plaintiff in an attempt to collect the Debt.

11. During a phone conversation in or around October 2014, Plaintiff requested proof of the Debt because she never received any written correspondence from ACB.

12. ACB responded that they "couldn't do anything" for Plaintiff since her account was in collections.

13. To date, Plaintiff yet to receive any written correspondence from ACB.

14. In addition, on or about April 1, 2015 Plaintiff's attorney sent ACB a letter stating that Plaintiff was represented by an attorney and demanding that ACB cease all calls to Plaintiff regarding the Debt.

15. ACB received the letter on April 6, 2015.

16. Nevertheless, ACB continued to call Plaintiff in an attempt to collect the Debt.

C. **Plaintiff Suffered Actual Damages**

17. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

18. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendant's conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted Plaintiff after having knowledge that Plaintiff was represented by an attorney.

21. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

22. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

23. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with collection of the Debt.

24. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect the Debt.

25. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

26. Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff a letter regarding the Debt within five days of the initial conversation.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

28. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant; and

4. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 20, 2015

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Jan Steinhauer
LEMBERG LAW, L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (888) 953-6237
Email: slemberg@lemberglaw.com